DANIEL G. BOGDEN
United States Attorney
District of Nevada

KRYSTAL J. ROSSE
TROY K. FLAKE
Assistant United States Attorneys
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *krystal.rosse@usdoj.gov; troy.flake@usdoj.gov*

*Attorneys for the United States.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, )<br><br>Plaintiff, )<br><br>v. )<br><br>LOCAL 872, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, )<br><br>Defendant. ) | Case No. |

## **COMPLAINT**

Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor, alleges as follows:

1.      This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-484 (the "Act"), for a judgment declaring that the election of union officers completed on April 18, 2015 and conducted by Local 872, Laborers International Union of North America (Defendant) for the office of Vice President, is void, and directing Defendant to conduct a new election for that office under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.      Venue lies in the district pursuant to 29 U.S.C. § 482(b), and 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff Thomas E. Perez is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.      Defendant is, and at all times relevant to this action has been, an unincorporated association residing in Las Vegas, Nevada, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6.      Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act. 29 U.S.C. §§ 402(i), 402(j) and 481(b).

7.      Defendant, purporting to act pursuant to its Constitution, conducted an election of officers that was completed on April 18, 2015, and this election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-484.

8.      By letter mailed April 18, 2015, Complainant John Stevens filed an election protest with the International Executive Board of Defendant's parent body, the Laborers International Union of North America (LIUNA). By letter dated June 19, 2015, International President Terry O'Sullivan denied Stevens' protest. Stevens received the International's June 19, 2015 decision on or around July 13, 2015. By email of June 26, 2015, to the International President, Stevens inquired concerning union remedies available to him. By letter dated July 14, 2015, International President stated that his June 19, 2015 letter "is considered a final and binding determination. However, you have the right to appeal to the Convention of the International Union, pursuant to Article VIII, Section 2, subsection (a-viii) of the International

Union Constitution, if you choose to do so." By letter dated July 16, 2015, Stevens appealed to the International Convention. No Convention is scheduled for 2015.

9.     Having obtained LIUNA's June 19, 2015 final decision on or around July 13, 2015, Stevens, in compliance with section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1), filed a timely complaint within one calendar month thereafter with the Department of Labor, which was received on July 20, 2015.

10.     In the event that Stevens' appeal to the convention would be considered to affect the finality of the union's June 19, 2015 decision, Stevens met the alternative exhaustion requirement under section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2). Having invoked the remedies available for three calendar months from April 18, 2015, without receiving a final decision after invocation, i.e., not considering the June 19, 2015 decision as final, Stevens filed a timely complaint within one calendar month of the expiration of three months from filing his protest with the union.

11.     By letter signed September 25, 2015, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to October 13, 2015. *See* Exhibit 1.

12.     Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of Defendant's election of union officers completed on April 18, 2015; and (2) that such violations had not been remedied at the time of the institution of this action.

13.     Article V of the LIUNA Constitution sets forth the eligibility qualifications for office. In order to qualify as a candidate for any office in a local, a member "(s)hall be a lawful permanent resident and shall be lawfully employable under the laws of the United States or Canada." *See* Exhibit 2, a true and accurate copy of the LIUNA Constitution, at Article V,

Section 2.

14.     The International provides a resource guide to interpret its Constitution's election procedures entitled "The Local Union Officer Elections, A Guide for Local Union Judges of Election, February 2013" (Election Guide). The Election Guide provides that the residency qualification may be established by presenting one of the following: 1) Birth Certificate . . .; 2) U.S. Passport . . .; 3) Alien Registration Receipt Card with photograph (green card); 4) A certificate of naturalization; or, 5) such other documentation as the [Election] Judges may deem appropriate. *See* Exhibit 3, a true and accurate copy of the Election Guide, at 16.

15.     Article V, section 3, of the International Constitution, requires that a candidate for union office "(s)hall be literate." Ex. 2.

16.     The Election Guide sets out the constitutional requirement for literacy without explanation. Ex. 3 at p. 16, 1(d).

17.     The Election Guide includes as an Appendix, a Sample Candidacy Questionnaire that provides a check list of all candidacy qualifications. Ex. 3, Appendix C, pages C-1 and C-2. The questions include whether the nominee meets the union's candidacy requirements, such as whether the nominee can demonstrate permanent legal residency and whether the nominee can "read and write basic English." *Id.* Defendant adopted the Sample Candidacy Questionnaire without any substantive modifications.

18.     Defendant held a nominations meeting for the election of officers on April 18, 2015, in the union's hall.

19.     At the nominations meeting, Martin Trujillo was nominated as a candidate for Vice President.

20.     Immediately after the close of nominations at the union hall, all candidates were required to complete, date, and sign the candidacy questionnaire to establish their eligibility to run for office. Election judges interviewed each candidate to ensure compliance with candidacy qualifications, signed, and dated each questionnaire at the conclusion of the interview process,

indicating whether the candidate was either qualified or not qualified. If not qualified, the election judge was required to state the basis of the disqualification.

21.     In filling out his questionnaire, Trujillo answered in the affirmative that he could read and write basic English and that he was able to present a Green Card or a Naturalization Card to establish his legal residency. Trujillo was a shop steward, appointed by Defendant five years earlier and steadily employed for a number of years by Hardstone Construction, a covered employer.

22.     Defendant's head election judge required Trujillo to read aloud a provision of the union's Constitution to determine whether Trujillo was literate. No other candidate was required to read aloud to assess his literacy.

23.     Neither Defendant nor LIUNA has standardized, objective criteria for assessing literacy.

24.     Defendant's head election judge indicated on Trujillo's candidacy questionnaire that he was disqualified to run for office because he was not literate.

25.     Trujillo's candidacy questionnaire indicated that he was working for Hardstone Construction from February 24, 2010 to the current date, which was April 18, 2015.

26.     Trujillo did not have his Green Card or Certificate of Naturalization with him at the meeting and presented his California driver's license as proof of residence, which the election judge initially accepted.

27.     After conferring with incumbent Secretary Treasurer, the head election judge rejected Trujillo's driver's license and directed Trujillo to go home and retrieve his birth certificate. Defendant's head election judge had announced he would be at the union hall until 5 p.m. that day, April 18, 2015. At approximately 11:30 a.m., Trujillo left the union hall to retrieve his birth certificate. Approximately ten minutes later, while Trujillo was going to his home, Defendant's head election judge announced that Trujillo was disqualified for failing to provide proof of legal residency.

28.     Defendant never announced that Trujillo was also disqualified for failing to pass the literacy test.

29.     The incumbent Vice President won the election by acclamation because Trujillo was disqualified. The incumbent slate won the election for every office because all three members of the opposition slate were disqualified.

30.     On April 20, 2015, Defendant terminated Trujillo's appointment as shop steward, a position he had held for five years.

31.     On April 21, 2015, Hardstone Construction, Trujillo's employer since February 2010, terminated his employment.

**CAUSE OF ACTION**

32.     Section 401(e) of the Act, 29 U.S.C. § 481(e), provides that "every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 and to reasonable qualifications uniformly imposed) . . . ."

33.     Defendant violated section 401(e) of the Act by denying a member in good standing the right to run for office when it imposed its literacy requirement in an unreasonable and non-uniform manner. Defendant did not use objective, standardized criteria to determine whether Trujillo was literate and singled out only one candidate, Trujillo, to be tested for literacy.

34.     Defendant violated section 401(e) of the Act by denying a member in good standing the right to run for office, by applying its residency requirement in an unreasonable manner, failing to permit Trujillo the time to comply with the requirement and providing him with incorrect information concerning the documentation necessary for him to comply.

35.     The violations of section 401(e) of the Act may have affected the outcome of Defendant's election for the office of Vice President.

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment:

A.      Declaring Defendant's election for the office of Vice President to be void;

B.      Directing Defendant to conduct a new election for the office of Vice President under the supervision of Plaintiff;

C.      For the costs of this action; and

D.      For such other relief as may be appropriate.

Respectfully submitted this 13th day of October 2015.

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

DANIEL G. BOGDEN
United States Attorney

*/s/ Krystal J. Rosse*
KRYSTAL J. ROSSE
TROY K. FLAKE
Assistant United States Attorneys

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

CHRISTOPHER B. WILKINSON
Associate Solicitor

CLINTON WOLCOTT
Counsel for Legal Advice

SHIREEN M. McQUADE
Attorney

United States Department of Labor