**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECRETARY OF LABOR THOMAS E, PEREZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LOCAL 872, LABORERS INT'L UNION OF ) <br>     NORTH AMERICA, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 2:15-cv-01979-GMN-CWH <br><br> **ORDER** |

This matter is before the Court on Defendant's unopposed motion to quash service of summons and complaint (doc. # 6) and request for judicial notice (doc. # 8), both filed December 7, 2015.

Defendant asks the Court to quash service of Plaintiff's summons and complaint for insufficiency of service of process. Defendant explains that Plaintiff improperly served the summons and complaint on Defendant's secretarial worker, Claudia Facio ("Facio"), who is allegedly not authorized to accept service on behalf of Defendant. Defendant adds that proof of service has not yet been filed in this case. Plaintiff did not file a response.

Rule 12(b)(5) of the Federal Rules of Civil Procedure ("FRCP") permits a defendant to challenge the mode or method of service of the summons and complaint. See Wasson v. Riverside County, 237 F.R.D. 423, 424 (C.D. Cal. 2006). Federal courts do not have jurisdiction over a defendant unless it has been properly served under Rule 4 of the FRCP. See Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Specifically, under Rule 4(h)(1)(B), a corporation may be served by delivering a copy of the summons and complaint to

"an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in the manner prescribed by state law. In Nevada, a plaintiff suing an entity formed under state law, or registered to do business in the state, may effect service by serving "the registered agent thereof or if the entity... is (i) a corporation, to any officer thereof..." Nev. R. Civ. P. 4(d)(1). Alternatively, service may be accomplished by delivering a copy of the summons and complaint, along with an affidavit, to the Nevada Secretary of State if service cannot be effectuated on the registered agent or officer of the corporation. Id. The burden is on the party claiming proper service to establish its validity. See Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005). Assuming insufficiency of process or service of process, the Court has discretion to dismiss an action or to simply quash service. See SHJ v. Issaquah School District No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006).

A review of the record reveals that Plaintiff filed proof of service on January 7, 2016. See Doc. # 12. That document reveals that (in addition to Facio), Mr. Thomas White ("White"), manager for Defendant, was served with the summons and complaint on January 4, 2016 at 1:57 p.m. Id. (proof of service for White); see also Doc. # 11 (proof of service for Facio). Without more, the Court must deny Defendant's motion as moot. Defendant is of course free to file a renewed motion to quash if it can show that White is not authorized to accept service on behalf of Defendant.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's unopposed motion to quash service of summons and complaint (doc. # 6) is **denied as moot**.

**IT IS FURTHER ORDERED** that Defendant's request for judicial notice (doc. # 8) is **denied as moot.**

DATED: January 8, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**