CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar No. 14853
TROY K. FLAKE
Assistant United States Attorney
501 Las Vegas Boulevard, South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336
Troy.Flake@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOCAL 872, LABORERS INTERNATIONAL UNION OF NORTH AMERICA,<br><br>　　　　　Defendant. | Case No. 2:15-cv-01979-GMN-CWH<br><br>**United States' Notice of Certification of Election** |

　　　　The United States submits Notice of Certification of Election. The following Certification of Election and the Declaration of Tracy L. Shanker, along with accompanying exhibits, support Plaintiff's certification at set forth therein.

　　　　Dated this 26th day of July 2021

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　CHRISTOPHER CHIOU
　　　　　　　　　　　　　　　　　　　　　Acting United States Attorney


　　　　　　　　　　　　　　　　　　　　　 */s/ Troy K. Flake*
　　　　　　　　　　　　　　　　　　　　　TROY K. FLAKE
　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **MARTIN J. WALSH,**[1] **Secretary of Labor, United States Department of Labor,**   Plaintiff,   v.   **LOCAL 872, LABORERS INTERNATIONAL UNION OF NORTH AMERICA,**   Defendant. | Civil No. 2:15-cv-01979-GMN-CWH |

## CERTIFICATION OF ELECTION

The election having been conducted in the above matter under the supervision of the Secretary of Labor, United States Department of Labor, pursuant to the Court's Summary Judgment Orders entered August 24, 2017, and September 24, 2018, in the United States District Court for the District of Nevada, affirmed by the United States Court of Appeals for the Ninth Circuit on May 18, 2020, in accordance with the provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. §§ 481-483), and in conformity with the constitution and bylaws of the defendant labor organization, insofar as lawful and practicable, and no post-election complaints having been received concerning the conduct thereof, therefore:

---

[1] Because the Secretary of Labor has changed since this case first began, the caption reflects the current Secretary of Labor. *See* Fed. R. Civ. P. 25(d).

Pursuant to Section 402(c) of the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 482(c)), and the authority delegated to me,

IT IS HEREBY CERTIFIED that the following named candidates have been duly elected to the offices designated:

| | |
|---|---|
| Louis De Salvio | President |
| Marco Hernandez | Vice President |
| Chelsy Torres | Recording Secretary |
| Thomas White | Business Manager/Secretary-Treasurer Delegate |
| Henry Baker | Sergeant-at-Arms |
| Dennis Cronin | Auditor |
| Eddie Ramirez | Auditor |
| David Pruitt | Auditor |
| Rogelio Gonzalez | Executive Board Member |
| Archie Walden | Executive Board Member |
| Mike DaSilva | Executive Board Member |
| Louis De Salvio | District Council Delegate |
| Dennis Cronin | District Council Delegate |
| Rogelio Gonzalez | District Council Delegate |
| Marco Hernandez | District Council Delegate |

Signed this 1st day of July, 2021.

_____
Tracy L. Shanker, Chief
Division of Enforcement
Office of Labor-Management Standards
United States Department of Labor

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| MARTIN J. WALSH,[1]<br>Secretary of Labor,<br>United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>LOCAL 872, LABORERS INTERNATIONAL UNION<br>  OF NORTH AMERICA<br><br>    Defendant. | Case No.:<br>2:15-cv-01979 GMN-CWH |

DECLARATION OF
TRACY L. SHANKER

  I, Tracy L. Shanker, am the Chief, Division of Enforcement, Office of Labor-Management Standards (OLMS), United States Department of Labor (Department). The Department supervised an election of officers of Defendant Local 872 (local or Local 872), Laborers International Union of North America, (International or LIUNA), which was held on April 17, 2021, pursuant to this Court's Orders dated August 25, 2017, and September 24, 2018, and the decision of the Ninth Circuit, dated May 18, 2020.[2] Exh. 1. On July 24, 2020, the parties executed a Stipulation of Settlement (settlement agreement) whereby the Department would supervise Local 872's May 2021 triennial election. Exh. 2, Stipulation of Settlement. Pursuant to that settlement agreement, the supervised election included new elections for the offices of President/Convention Delegate, Vice President, Recording Secretary, Business Manager-District Council Delegate-Convention Delegate-Secretary Treasurer, Sergeant-at-Arms, three Auditors, four District Council Delegates, and three Executive Board Members. The newly elected officers were installed on May 3, 2021.

---

[1] Because the Secretary of Labor has changed since this case first began, the caption reflects the current Secretary of Labor. *See* Fed. R. Civ. P. 25(d).
[2] Acosta v. Loc. 872, Laborers Int'l Union of N. Am., 2017 WL 3709055 (D. Nev. Aug. 25, 2017), *on reconsideration in part*, 2018 WL 4600285 (D. Nev. Sept. 24, 2018), *aff'd sub nom*. Scalia v. Laborers Int'l Union of N. Am. Loc. 872, 811 F. App'x 1019 (9th Cir. 2020).

After receiving one pre-election complaint, OLMS investigated and resolved the complaint prior to OLMS' certification of the supervised election.

A. **Election Process**

*Pre-election Conference*

OLMS held a pre-election conference at Local 872's union hall on February 25, 2021, at 12:30 p.m.  Exh. 3, Pre-Election Conference Agenda.  Invited to that pre-election conference were 21 "interested parties."[3] The purpose of the pre-election conference was to promulgate the rules, regulations, procedures, and timeframe for conducting the supervised election. Exh. 4, General Election Rules For Electing Officers (General Rules).  Attendees received a copy of the agenda and proposed election timeline.  Exh. 5, Election Timeline.  OLMS made available to the attendees, upon request, the Court Order, the settlement agreement, the Federal Regulations, LIUNA International Constitution (International Constitution), and LIUNA Uniform Local Union Constitution (Local Constitution).

Three OLMS representatives were present at the pre-election conference: Election Supervisor Phoenix Beausoleil, who conducted the pre-election conference and was responsible for the supervised election, District Director Ed Oquendo, and Senior Investigator Troy Krouse.  On March 16, 2021, the General Rules were finalized and mailed to those who attended the pre-election conference and those who were invited but did not attend.   Exh. 6.

Although the names of Richard Vela and Parnell Colvin were included on the list of "interested parties," Local 872's attorney objected to their attendance on the basis that

---

[3] OLMS considers former and probable officers/candidates/complainants to be interested parties, as well as a local's attorney.

2

they were no longer members of the local and, as such, should not be permitted to participate in the internal affairs of the union. OLMS concurred, permitting only members of Local 872 and its attorney to attend the conference.

*Election Committee*

There were three Judges of Election, all of whom were members of Local 872: Tom Morley (*election chair*), Andy Donahue, and Anthony Valdez. Member Leon Harris served as an alternate. Election Supervisor Beausoleil directly supervised all activities performed by the Judges of Election in relation to the supervised election.

*Notice of Nominations and Election*

The Election Supervisor drafted a comprehensive combined nominations and election notice, with which Local 872 concurred. Exh. 6, Combined Nominations and Election Notice. The notice, in English and in Spanish, referred to this Court's 2018 Order and the Stipulation of Settlement and listed the offices subject to the supervised election, specifying that the terms of office would be 3 years. Members were notified that the supervised election would be held on May 27, 2021.[4]

Regarding nominations, the notice announced all pertinent nominations information including the nominations meeting date (April 17, 2021), time (7 a.m.), place (union hall with its address), form of nominations (from the floor at the nominations meeting or in writing in advance of the meeting), and that self-nominations were not allowed. The notice provided the details about the required contents of written nominations, how to submit them by mail, email, or fax to the Election Supervisor, and

---

[4] The notice informed members that the supervised election was being held in conjunction with the local's regularly scheduled election of its eleven delegates to the International Convention. The notice made clear that candidates elected as Local 872 President and Business Manager would automatically serve as International Convention delegates, filling two of the local's eleven International Convention delegate positions.

3

the deadline for those submissions. The notice also provided that written nominations would be read at the nominations meeting before oral nominations were taken and that all nominations needed to be seconded. The notice stated that it was necessary to be a member in good standing as of April 17, 2021, in order to nominate a candidate, explained what constitutes good standing, and provided the telephone number members could use to check their status. The notice made clear the method of accepting nominations (in person or in writing with approved, excused absence), among other information. The notice made clear that nominees must be present at the nominations meeting, unless their absence was excused, and that nominations must be accepted in writing to the Election Supervisor either prior to or at the nominations meeting.

Regarding eligibility to run for office, the notice stated that the candidate qualifications are outlined in Article V (Qualifications for Office) of the Local Constitution and quoted several of the provisions with specific citations, including continuous good standing, residency, literacy and working at the calling. The notice emphasized that all nominees would be required to meet with the Election Supervisor and Election Judges immediately after the close of nominations to provide proof of residency and to complete the Questionnaire. The notice provided the website address to the Local Union Officers Elections - *A Guide for Local Union Judges of Election, Officers and Members* (Election Guide) and to the local's website where the Questionnaire was available.

The election portion of the combined notice stated that the election would be conducted by secret mail ballot on May 27, 2021, reiterated the offices to be elected, and detailed the voter eligibility criteria and the procedure to restore good standing status in

time to vote. The notice explained the balloting procedures, including how to obtain replacement ballot, if necessary. The notice set forth the time and place for the collection and tally of the ballots and indicated that the results would be announced immediately following tally. Further, the notice provided information for submitting election protests to the Election Supervisor, including applicable timeframe.

*Mailing of Combined Nominations/Elections Notice*

On March 24, 2021, the Election Supervisor oversaw the mailing of 3,768 combined nominations and election notice packages to the last known home address of each member. A total of 2,803 packages were mailed to members in good standing, 465 packages were mailed to retired members, and 500 packages were mailed to suspended members.

On the same day, the combined notice along with a copy of the candidate questionnaire were posted electronically on the Local 872 website page and in hard copy on the office bulletin board at Local 872's union hall. OLMS received no reports of any issues involving the combined nominations and election notice.

*Nominations and Candidate Eligibility*

The nominations meeting was held on April 17, 2021, at Local 872's union hall. Only members in good standing at the time of nominations were eligible to nominate candidates. Oral nominations were made from the floor. No written nominations were submitted. Candidates were permitted to accept nominations in writing either in person at the time made or, if absent, submitted by mail, email, or fax prior to the nominations meeting, to the Election Supervisor. Candidates were restricted to accepting nomination for one office only, with the exception of combined offices set forth in the constitution.

5

Immediately after the close of nominations, all nominees were required to meet with Election Supervisor Beausoleil, OLMS Senior Investigator Krouse, and the Judges of Election to provide proof of residency and complete the candidate questionnaire. Election Supervisor Beausoleil determined each nominee's qualification under Article V of the LIUNA Uniform Local Union Constitution.

One nominee for an Executive Board Member position was disqualified after failing to disclose criminal convictions in response to Question 12 on the candidate questionnaire; the Election Supervisor conducted a criminal background check and confirmed that the nominee had criminal convictions that he failed to disclose. The remaining 15 candidates received eligibility letters and accepted their nominations. OLMS encountered no issues during the nominations process.

*Election by Acclamation*

The following offices were up for election: President/Convention Delegate, Vice President, Recording Secretary, Business Manager-District Council Delegate-Convention Delegate-Secretary Treasurer, Sergeant-at-Arms, three Auditors, three Executive Board Members, and four District Council Delegates. After the disqualification of a nominee for Executive Board Member, no offices were contested and the sole candidate for each office won by acclamation. Consequently, no ballots were cast in May 2021.

| OFFICE | CANDIDATE |
| --- | --- |
| President/Convention Delegate | Louis De Salvio |
| Vice President | Marco Hernandez |
| Recording Secretary | Chelsey Torres |
| Business Manager-Delegate/Convention Delegate-Secretary Treasurer | Thomas White |

| | |
|---|---|
| Sergeant-at-Arms | Henry Baker |
| Auditor (3) | Dennis Cronin<br>Eddie Ramirez<br>David Pruitt |
| Executive Board Member (3) | Rogelio Gonzalez<br>Archie Walden<br>Mike DeSilva |
| District Council Delegate (4) | Louis De Salvio<br>Dennis Cronin<br>Rogelio Gonzalez<br>Marco Hernandez |

1

**B. Pre-election Protest**

In his April 13, 2021 email to Election Supervisor Beausoleil, Complainant McDonald made three allegations, recited and addressed below.

*Allegation 1. Election officials failed to provide proper notice of nominations and election to all members when they did not announce those events at the first three membership meetings this year, namely on Feb. 1, March 1, and April 5, 2021.*

*OLMS Response*: Section 401(e) of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), provides, in relevant part, that "[n]ot less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address." The election notice must specify the date, time, place of election, offices to be filled, and it must be in such a form as to be reasonably calculated to inform members of the impending election. 29 C.F.R. § 452.99. Further, a notice of election must be sent to all members, not just those in good standing. *Id.*

A nominations notice is less formal than an election notice; unions are not required to provide either a mailed notice or 15-days' advance notice of nominations. 29

7

C.F.R. § 452.56.  Rather, to meet the nominations notice requirement, a union must give timely notice in a manner reasonably calculated to inform all members of the offices to be filled in the election, as well as the time, place, and form for submitting nominations. *Id.*  A single notice for both nominations and election may be used if it meets the requirements of both such notices.  29 C.F.R. § 452.99.

Contrary to the complainant's assertion, the local was not required to provide notice of the nominations and election at any of its three membership meetings held in February, March, or April 2021.  Rather, the local was required to abide by the statutory mandate of section 401(e) regarding notice of nominations and election.  The combined notice announced the date, time, place of the nominations meeting and the election.  The combined notice specified the offices to be filled, candidacy qualifications, criteria for voter eligibility, balloting procedures, and information regarding the submission of election protests and applicable timeframes.  This information was provided in both English and Spanish.  Moreover, this combined notice was mailed to every member, regardless of their good standing status.  Further, the combined notice was sent to members' last known home addresses well in advance of the 15-day requirement imposed by Section 401(e).  29 U.S.C. § 481(e); 29 C.F.R. § 452.99.  That combined notice was also posted on the local's bulletin board and on its webpage.  OLMS determined that the combined nominations and election notice not only met the statutory requirement of Section 401(e) of the LMRDA but in fact exceeded it.  There was no violation.

> **Allegation 2.**  *The Department of Labor failed to notify the entire membership about the pre-election conference. Some of the interested parties who were invited to attend the conference were instructed not to attend so that no problem would arise.*

8

***OLMS Response***: OLMS' pre-election conference is not mandated by the LMRDA.  Even though OLMS is not required to hold pre-election conferences at all, it has developed this now routine practice as part of conducting supervised elections, allowing the union to have a measure of input into the government-supervised election.

In the instant case, Local 872's attorney objected to the inclusion of Richard Vela and Parnell Colvin among the names listed as "interested parties" invited to attend the pre-election conference.  The attorney objected because both were no longer members of Local 872 and consequently should not be permitted to participate in the union's internal affairs.  OLMS found the objection reasonable and did not invite those former members to the pre-election conference.  There was no violation.

> ***Allegation 3***.  *Election officials misinterpreted the candidate qualification pertaining to retirees, ignoring the exception to the rule, thereby denying retirees the right to run for office.*

***OLMS Response:***     Section 401(e) of the LMRDA provides in relevant part that "every member in good standing shall be eligible to be a candidate and to hold office (subject to . . . reasonable qualifications uniformly imposed) . . . ."  Section 4.3.4.6 of the Election Guide regarding retirees provides:

> Any person who receives a pension from a pension or retirement fund related to the International Union or any affiliate thereof is presumed to be a retiree and, therefore, not to be working at the calling of the International Union and not to be qualified as a candidate for office.  ULUC, Art. V, § 11; see also ULUC, Art. VII, § 6.  This presumption of ineligibility can be overcome by, for example, evidence of work performed under covered agreement or one of the other qualifying circumstances set forth in ULUC, Art. V, § 4.  Bottom line, the fact that a nominee is receiving a pension from a LIUNA entity does not necessarily mean a person is retired but it is strong evidence of that status.

OLMS attempted to contact complainant McDonald numerous times to discuss in detail each of his three allegations, including this one.  McDonald did not respond to any

of OLMS' attempts to reach him. Even without further information from McDonald, it can be said with confidence that no nominee was disqualified based on retirement status. Indeed, the retirement status of any nominee was simply never raised at any time during the nominations meeting or during the meetings that occurred immediately thereafter between each nominee and the Election Supervisor, Senior Investigator, and Judges of Election. Consequently, there was no occasion to interpret this retiree provision.

Moreover, the Election Supervisor mailed all members, including complainant McDonald and all retiree members, a copy of the combined nominations and election notice. That notice provided the webpage address for the Election Guide which specified that evidence of a retiree working for a covered employer would overcome the presumption that retirees are ineligible to run for office. There was no violation.

### C. Conclusion

The Department has concluded from its investigation that Laborers Local 872's election, concluded on April 17, 2021, conducted under the Department's supervision, complied with Title IV of the LMRDA and was conducted, insofar as lawful and practicable, in accordance with the Defendants constitution and bylaws. Therefore, no reason exists to overturn the results of this supervised election.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 1st of July 2021, in Rockville, Maryland.

*Tracy L. Shanker*

Tracy L. Shanker, Chief
Division of Enforcement
Office of Labor-Management Standards
United States Department of Labor