# EXHIBIT 2

Stipulation of Settlement (ECF 82)

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | ) ) ) Case No. 2:15-cv-01979-GMN-CWH |
| Plaintiff, | ) ) **STIPULATION OF SETTLEMENT** |
| v. | ) ) |
| LOCAL 872, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, | ) ) ) |
| Defendant. | ) ) |

Eugene Scalia, Secretary of Labor (Secretary), and Defendant, Local 872, Laborers

International Union of North America (Local 872), by and through their undersigned

counsel, hereby stipulate and agree to settlement of this dispute as follows, and

respectfully request that the court so order.

## RECITALS

1. Plaintiff U.S. Secretary of Labor brought this action under Title IV of the Labor-

   Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-483

   (LMRDA), for a judgment declaring that the election of union officers completed

   on April 18, 2015 and conducted by Defendant Local 872, Laborers International

   Union of North America (Local 872) for the office of Vice President, is void, and

   directing Defendant to conduct a new election for that office under Plaintiff's

   supervision, and for other appropriate relief.

2. In his complaint the Secretary contended Local 872 violated Section 401(e) of the

139656\1095624                                      1

LMRDA, 29 U.S.C. § 481(e), by disqualifying a member in good standing when Defendant applied two candidacy qualifications in an unreasonable manner:

   a. Literacy requirement: Defendant applied a literacy test that contained no objective criteria to determine whether a nominee was literate and singled out only one nominee to be tested.

   b. Residency requirement: Defendant provided a nominee time to retrieve from home his proof of residency but retracted that permission shortly thereafter.

3. On August 25, 2017, the U. S. District Court for the District of Nevada issued a decision finding that Defendant violated Section 401(e) by its unreasonable application of the literacy requirement and ordering a supervised remedial election for the position of Vice President. *Acosta v. Local 872, Laborers Int'l Union of N. Am.,* 2017 WL 3709055 (D. Nev. Aug. 25, 2017). The Court did not invalidate a literacy requirement.

4. On September 24, 2018, the U. S. District Court for the District of Nevada issued a decision finding that Defendant further violated Section 401(e) by its unreasonable application of the residency requirement and again ordering a supervised remedial election for the position of Vice President. *Acosta v. Local 872, Laborers Int'l Union of N. Am.,* 2018 WL 4600285 (D. Nev. Sept. 24, 2018). The Court did not invalidate a residency requirement.

5. On November 19, 2018, Defendant filed a Notice of Appeal in the U. S. Court of Appeals for the Ninth Circuit.

6. On May 18, 2020, the U. S. Court of Appeals for the Ninth Circuit affirmed the

lower court's decisions finding violations on the literacy and residency issues and ordered a new election under the Secretary's supervision for the office of vice president, to be conducted either immediately or at Defendant's 2021 triennial election. *Scalia v. Laborers Int'l Union of N. Am. Local 872*, 2020 WL 2520079 (9th Cir. May 18, 2020).

<u>TERMS AND CONDITIONS</u>

7.  Plaintiff and Defendant (the Parties), in settlement of this action, hereby stipulate and agree that Local 872 will conduct, under the supervision of the Secretary, its next regularly scheduled election of officers, to be completed no later than June 30, 2021. The Secretary will supervise the election of all "officers" as defined by the LMRDA. Defendant will install the newly elected officers pursuant to the LIUNA Constitution and the Local 872 Bylaws no later than July 15, 2021.

8.  The supervised election shall be conducted in accordance with Title IV of the LMRDA (29 U.S.C. 481, *et seq.*) and, insofar as lawful and practicable, in accordance with Defendant's International Constitution and its Bylaws.

9.  All questions as to the interpretation or application of Title IV of the LMRDA, and Defendant's International Constitution and bylaws relating to the supervised election are to be determined by the Secretary's designated Election Supervisor, Office of Labor Management Standards (OLMS), whose decision shall be final

10. By this agreement, Local 872 agrees to the following procedures for conducting the supervised election:

a. Regarding the types of proof acceptable to meet the residency requirement in Article V, Section 2 of the International Constitution, a member shall present any ONE of the following: (i.) Birth certificate from any U.S. state or territory; (ii.) U.S. Passport; (iii.) Alien Registration Receipt Card ("Green Card"); (iv.) Certificate of Naturalization; (v.) "Real ID" (a driver's license or identification card) issued by any federal or state authority; or, (vi.) any other valid proof of eligibility deemed acceptable by the Secretary.

b. Under Article V, Section 3 of the LIUNA Uniform Local Union Constitution, a member will be deemed literate if he or she has the ability to comprehend and complete the candidate questionnaire (Questionnaire) without assistance. The Questionnaire to be used in the supervised election is attached to this Stipulation as Attachment 1. In determining whether a member is able to "comprehend and complete" the Questionnaire and is therefore literate pursuant to Article V, Section 3 of the LIUNA Uniform Local Union Constitution, the following criteria apply:

    i. A reasonable person would understand the meaning of any answer provided in the Questionnaire;

    ii. Answers in the Questionnaire need not be grammatically or syntactically correct, and one-word responses can suffice; and

    iii. Other standards deemed appropriate by the Election Supervisor uniformly applied and announced before the nomination meeting.

c. The determination of the Secretary as to whether the member has qualified

under Article V, Sections 2 and 3 of the International Constitution shall be final and binding.

d. All relevant information regarding qualifications for office, including the URL address for the LIUNA Local Union Officer Elections – A Guide for Local Union Election Judges, Officers and Members and the Questionnaire ("LIUNA Election Guide"), shall be included on the Notice of Nominations which is mailed to all members of Local 872. The Notice of Nominations will provide the Election Supervisor's contact information so that members with any questions, including about candidate qualification, can contact OLMS.

e. The Notice of Nominations shall state that nominees may be excused from attending the nominations meeting according to Section 3.4.2 of the LIUNA Election Guide. The Notice shall state that the Election Supervisor will determine the qualification of all immediately upon conclusion of the meeting.. The Election Supervisor will determine the qualifications of any nominee excused from attending the nominations meeting within 24 hours.

f. The Notice of Nominations will also be posted in a prominent place at Local 872's hall and on Local 872's website homepage. The Notice of Nominations posted on the website shall contain a live link to the Questionnaire.

g. Local 872 agrees that OLMS' Election Supervisor has authority to supervise all phases of the nomination and election process and that all functions carried out by the election committee members, judges, and/or tellers must be conducted under the supervision of OLMS' Election Supervisor. Before

139656\1095624                                    5

February 1, 2021, Local 872 shall appoint one local officer, employee, or election judge who will be responsible for fulfilling requests by the Election Supervisor for any union documents, data, or other information and assisting the Election Supervisor when so requested to ensure that election activities are properly conducted within established timelines. The Secretary will designate the Election Supervisor before February 1, 2021

11. Any protests concerning any aspect of the supervised election must be filed in writing directly with the Election Supervisor no later than 10 days after the completion of the ballot tally.

12. COVID-19: Both parties agree to cooperate to ensure the health and safety of everyone involved with the Supervised Election and to comply with applicable local, state, and federal requirements.

13. By this agreement, Defendant acknowledges that the Secretary will not certify the election to the Court until the newly elected officers are installed in office pursuant to the Constitution of the LIUNA and the Bylaws of Local 872.

13. The U.S. District Court for the District of Nevada shall retain jurisdiction of this action and, after completion of the supervised election, Plaintiff shall certify to the Court the name of the persons so elected and that such election was conducted in accordance with Title IV of the LMRDA and, insofar as lawful and practicable, in accordance with the provisions of Defendant's Constitution and Bylaws. Upon approval of such certification, the District Court shall enter a Judgment declaring that such persons have been elected as shown by such

certification to serve a three-year term, and further providing that each party shall bear its own costs, including attorney's fees, and other expenses incurred by the party in connection with any stage of this proceeding.

14. This Stipulation of Settlement constitutes the complete agreement between the Parties and is not subject to amendment except by written consent of the Parties.

Respectfully submitted,

/s/ Troy K. Flake
TROY K. FLAKE
Assistant United States Attorney
Attorney for Plaintiff


KRISTINA L. HILLMAN, Bar No. 7752
LAW OFFICES OF KRISTINA L. HILLMAN
ATTORNEYS FOR DEFENDANT


Brian A. Pifer
Brian A. Pifer
Director, Office of Field Operations
Office of Labor-Management Standards

139656\1095624                                    7